UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                          :
                                          :
UNITED STATES OF AMERICA                  :
                                          :        No. 10 Cr. 08 (JFK)
              v.                          :
                                          :
MAHMOUD REZA BANKI,                       :
                                          :
                   Defendant.             :
                                          :
------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MAHMOUD REZA BANKI'S MOTION TO DISMISS COUNT THREE (18 U.S.C. § 1960) OF THE SUPERSEDING INDICTMENT

ARNOLD & PORTER LLP
399 Park Avenue
34thh Floor
New York, New York  10022
(212) 715-1000

PARK & JENSEN LLP
630 Third Avenue
Seventh Floor
New York, New York  10017
(646) 200-6300

*Attorneys for Defendant Mahmoud Reza Banki*

## **TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ...................................................................................2

II.   ARGUMENT ......................................................................................................3

Theory of Agent Liability or Aiding and Abetting Liability for 18 U.S.C. §
1960 Fails as a Matter of Law...............................................................................3

III.  CONCLUSION....................................................................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                   :

UNITED STATES OF AMERICA     :

                      :

        v.                :

                      :     No. 10 Cr. 08 (JFK)

MAHMOUD REZA BANKI,     :

                      :

             Defendant.   :

                      :
------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## MAHMOUD REZA BANKI'S MOTION TO DISMISS
## <u>COUNT THREE (18 U.S.C. § 1960) OF THE SUPERSEDING INDICTMENT</u>

      Pursuant to Fed. R. Crim. P. 12(b)(3)(B), Defendant Mahmoud Reza Banki moves

to dismiss Count Three of the Superseding Indictment, which charges Mr. Banki with

operating an unlicensed money transmittal business in violation of 18 U.S.C. § 1960.

The government has submitted no evidence -- nor can it -- that Mr. Banki was the

operator of an unlicensed money transmittal service.  Instead, the government has

proceeded on a theory that Mr. Banki aided and abetted the operation of an unlicensed

money transmittal service.  This fact, however, is fatal to the charge that Mr. Banki

violated section 1960.  As a matter of law, the theory of aiding and abetting does not

apply to a prosecution for operation of an unlicensed money transmitting business, and

Mr. Banki thus cannot be found liable for aiding and abetting the operation of an

unlicensed money transmitting business.  Accordingly, for the reasons set for below, Mr.

Banki respectfully requests that the Court dismiss Count Three from the Superseding

Indictment.

## I.     FACTUAL BACKGROUND

The charges in the Superseding Indictment ("Indictment") are premised on the existence of an alleged conspiracy to operate a "hawala," or an informal value transfer system in which "funds are transferred by customers to a hawala operator, or 'hawaladar,' in one country (here, the United States), and then corresponding funds, less any fees, are disbursed to recipients in another country (here, Iran) by foreign hawaladars associated with the U.S.-based hawaldar." Indictment ¶ 10. The alleged conspiracy, set forth in the first count, allegedly began in or about January 2006, up to and including in or about September 2009. Indictment ¶ 7.

Count Three of the Indictment charges Mr. Banki with conducting an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. The Indictment alleges that Mr. Banki "conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed transmitting business affecting interstate and foreign commerce." Indictment ¶ 22. The Indictment further alleges that Mr. Banki "accepted millions of dollars of wire and other transfers into the BofA Account in Manhattan, and subsequently effectuated, and aided and abetted, the transfer of corresponding amounts, less any fees, to residents within Iran, (a) without an appropriate money transmitting license in a State, to wit, New York, where such operation is punishable as a misdemeanor and a felony under State law; (b) while failing to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section; and (c) knowing that such funds were derived from a criminal offense and were intended to be used to promote and support unlawful

activity, to wit, violations of IEEPA and the Executive Orders and regulations attendant thereto." Id.

As it made clear in it opening, the government has proceeded on an aiding and abetting or facilitation theory. "By the end of this trial, the evidence will make clear to you beyond a reasonable doubt that Mr. Banki *knowingly facilitated* the transfer of millions of dollars to Iran in violation of the trade embargo and the laws against unlicensed money transmitting and that Banki committed a separate crime of lying to federal regulators about his money transfer activities." Tr. 166: 8-14 (May 12, 2010) (emphasis added).

## II.    ARGUMENT

### Theory of Agent Liability or Aiding and Abetting Liability for 18 U.S.C. § 1960 Fails as a Matter of Law

By its very language, section 1960 specifically applies to the person who "conducts, controls, manages, supervises, directs, or owns" the money transmitting business. 18 U.S.C. § 1960(a), (b)(1)(A). That language indicates Congress's clear intent to limit liability to one who is in charge. Thus, the Fourth Circuit has held that this section, is "clearly directed toward those who are, in some substantial degree, in charge of the operation; the statute does not reach mere employees." United States v. Talebnejad, 460 F.3d 563, 572 (4th Cir. 2006)(cited with approval in United States v. Elfgeeh, 515 F.3d 100, 133 (2d Cir. 2008)).

There is absolutely no evidence that Mr. Banki was "in some substantial degree, in charge of the operation." It was the broker in Iran who owned the operation and was in charge of the money transmittal business. For that reason, the government opened on

the theory that Mr. Banki was a knowing facilitator.  At most, the government has

suggested that somehow Mr. Banki, a customer, facilitated the disbursement of funds in

Iran by confirming his receipt of family funds here in the U.S.  That is not enough for

criminal liability.  Indeed, even if Mr. Banki had done more than simply confirm receipt,

even if he had served as the Iranian broker's "agent" (as the government's expert

suggested), or some other sort of employee, he cannot be held criminally liable under this

statute.

The same language that precludes employee liability or agent liability also

precludes aiding and abetting liability.  There is a small subset of crimes for which the

Supreme Court and the Second Circuit have found that abetting and abetting liability

does not apply because the intent of the statute is to limit criminal liability to people who

operate or manage the illegal activity and not to mere employees of those people.  Those

crimes include violations of the Racketeering Influenced and Corrupt Organizations Act

(RICO), 18 U.S.C. § 1962, and the continuing criminal enterprise drug kingpin statute,

(CCE), 21 U.S.C. § 848.  For the same reasons applicable to RICO and CCE, aiding and

abetting liability should not apply to the operation of an unlicensed money transmitting

business.

With respect to RICO, in United States v. Viola, 35 F.3d 37 (2d Cir. 1994),

partially abrogated on other grounds, Salinas v. United States, 522 U.S. 52 (1997), the

appellants had been convicted at trial of substantive and conspiracy violations of RICO

arising from "their involvement in a drug and stolen property importation and distribution

ring."  Id. at 39.  The Second Circuit reversed one appellant's conviction on RICO

charges holding that "simply aiding and abetting a violation is not sufficient to trigger liability." Id. at 40.

In holding that simply aiding and abetting was insufficient to trigger criminal RICO liability, the Second Circuit relied on the Supreme Court's holding in a civil RICO case, Reves v. Ernst & Young, 507 U.S. 170 (1993). Because of the statutory language used in the RICO statute, namely, that the defendant "participate, directly or indirectly, in the conduct of such enterprise's affairs," the Supreme Court concluded in Reves that liability could be affixed only on a defendant who engaged in the "operation or management" of the enterprise. Id. at 179; see Viola, 35 F.3d at 40-41. Interpreting the very same word used in section 1960, the Supreme Court held that "[a]s a verb, 'conduct' means to lead, run, manage, or direct." Reves, 507 U.S. at 177 (citing Webster's Third New International Dictionary 474 (1976)). Reves further held that because "conduct" requires "some degree of direction" and "participate" requires "some part in that direction" therefore "[i]n order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in directing those affairs." Id. at 179.

The Second Circuit extended Reves to the criminal context, and held that because of the Supreme Court's holding in Reves, that "at a minimum the [criminal RICO] defendant must 'have some part in directing [the enterprise's] affairs.'" Viola, 35 F.3d at 40 (quoting Reves, 507 U.S. at 179) (alterations in original). Viola relied on Reves to conclude that the statutory language of RICO precluded criminal aiding and abetting liability. In particular, "that the simple taking of directions and performance of tasks that are 'necessary or helpful' to the enterprise, without more, is insufficient" to affix liability. Id. at 41.

Similarly, here, the language of the statute applies only to a defendant who "*conducts*, controls, *manages*, supervises, *directs*, or owns" the money transmitting business. 18 U.S.C. § 1960(a) (emphasis added). All of these words indicate that the defendant must have a leadership role in the business in order to affix liability to him. Because the language in section 1960 shows that liability is clearly intended to fall on the person who conducts, manages, supervises, directs, or operates the unlicensed money transmitting business and not on mere employees or customers, aiding and abetting liability does not attach to the statute under Viola and Amen.

With respect to the drug kingpin (CCE) statute, in United States v. Amen, 831 F.2d 373, (2d Cir. 1987), the appellants had been convicted at trial of various charges related to a conspiracy to distribute heroin. Id. at 375. In particular, one appellant, Michael Paradiso, was convicted for violating the drug kingpin statute, 21 U.S.C. § 848, by aiding and abetting another appellant "in the operation of his continuing criminal enterprise." Amen, 831 F.2d at 375. On appeal, the Second Circuit reversed Paradiso's conviction for aiding and abetting. Id. at 376. The Second Circuit held that "[w]hen Congress assigns guilt to only one type of participant in a transaction, it intends to leave the others unpunished for the offense. Here Congress defined the offense as leadership of the enterprise, necessarily excluding those who do not lead." Id. at 381 (internal citations omitted). Therefore, because the underlying statute "applies only to a person in charge of a CCE, one cannot incur liability for aiding and abetting such a person." Id. The Second Circuit further held that neither employees nor non-employees could be guilty of aiding and abetting of this statute. Id. at 382.

The CCE statute specifically applies only to someone who "occupies a position of organizer, a supervisory position, or any other position of management."  21 U.S.C. § 848(c)(2)(A).  It was because of this language that the Second Circuit held that there could be no liability for aiding and abetting the CCE.  <u>Amen</u>, 831 F.2d at 381 (holding that there is no aiding and abetting liability because the statute only applies to the people "supervising and operating the criminal enterprise").  Section 1960 uses the same words, "supervise" and "manage."

Moreover, in statutes aimed at management, not employees, the same bar to prosecuting employees applies to those outside the conspiracy, even if those individuals aid and abet the management directly.  Thus, in <u>Amen</u>, the Second Circuit also held that non-employees, like employees, could not be liable for aiding and abetting the CCE.  The government had argued that "[w]hile . . . employees of a CCE cannot be punished for aiding and abetting the head of the enterprise . . . non-employees who knowingly provide direct assistance to the head of the organization in supervising and operating the criminal enterprise can be so punished."  <u>Amen</u>, 831 F.2d at 381.  <u>Amen</u> rejected that argument and held that "because section 848 applies only to a person in charge of a CCE, one cannot incur liability for aiding and abetting such a person" regardless of their employment status.  <u>Id.</u>

Similarly, here, section 1960 only applies to the person who "conducts, controls, manages, supervises, directs, or owns" the money transmitting business.  Therefore, Mr. Banki cannot incur liability for aiding and abetting the person who "conducts, controls, manages, supervises, directs, or owns" the money transmitting business, regardless of whether the defendant is an employee of the business or not.

## III.    CONCLUSION

The government has introduced no evidence that Mr. Banki conducted, controlled, managed, supervised, directed or owned an alleged unlicensed money transmitting business, and instead has only introduced evidence that, at best, would support a theory that Mr. Banki aided and abetted the person who controls the alleged unlicensed money transmittal system.  Because liability cannot attach for simply aiding and abetting a person who conducts an unlicensed money transmitting business, the Court should dismiss Count Three from the Indictment.

Dated:  May 18, 2010                    Respectfully submitted,


ARNOLD & PORTER LLP

By:____/s/ Baruch Weiss_____
    Baruch Weiss
    Amalia Jorns
    Sheri L. Shepherd
    399 Park Avenue
    34th Floor
    New York, New York  10022
    (212) 715-1000


    PARK & JENSEN LLP
    Tai H. Park
    Eyal Dror
    630 Third Avenue
    Seventh Floor
    New York, New York  10017
    (646) 200-6300

    *Attorneys for Defendant Mahmoud Reza Banki*